UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN ALLEN DALTON, SR.,

        Plaintiff,

v.                                                                            Case No. 05-C-0032

ROMAN KAPLAN, M.D.,
TOM EDWARD,
DR. BROWN, and
DR. LORIE ADAMS,

        Defendants.

## ORDER

Plaintiff, Steven Allen Dalton, Sr., who is incarcerated at the Wisconsin Resource Center, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. On March 7, 2005, the defendants filed a motion for summary judgment. After the time permitted for a response under Civil Local Rule 7.1 (E.D. Wis.) had lapsed, I advised plaintiff by letter of the consequences of failing to respond to the defendants' motion. (May 10, 2005 Letter). Plaintiff was granted additional time to respond and advised that if he failed to do so by June 9, 2005, his action would be dismissed with prejudice pursuant to Civil Local Rule 41.3 (E.D. Wis.) and Rule 41(b) of the Federal Rules of Civil Procedure. Id.

On May 17, 2005, plaintiff filed a letter requesting appointed counsel. He indicates that, at the time he filed the complaint, he believed that the court would appoint counsel on his behalf. (Motion for Appointed Counsel at 1). Plaintiff further states that he does not know how to conduct legal research and does not understand legal terminology. Id.

Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address whether, given the difficulty of the case, the plaintiff appears to be competent to try the case him or herself and, if not, whether the presence of counsel is likely to make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

Here, plaintiff has not demonstrated that his own efforts to secure counsel have been unsuccessful. Accordingly, he has not met his threshold burden, and his motion will be denied without prejudice.

Plaintiff inquires whether he may pursue this action when he is a "free" man. (Motion for Appointed Counsel at 1). The precise nature of plaintiff's inquiry is unclear, although it appears that he is asking whether he can dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(a) and re-file it at a later date. However, because the defendants have already filed an answer and a motion for summary judgment, plaintiff is no longer situated to dismiss this action without prejudice unless he obtains the defendants' consent or a court order. See Fed. R. Civ. P. 41(a)(1) & (a)(2). If plaintiff desires to voluntarily dismiss this case without prejudice, he should file (and serve on defendants) a motion requesting such a dismissal on or before June 24, 2005. The defendants will then be able to respond to the motion and indicate whether or not they oppose a dismissal without prejudice. To expedite resolution of this case, I will order defendants to file their response to plaintiff's motion to

voluntarily dismiss within ten days after such motion is served. If plaintiff does not file a motion to voluntarily dismiss this case, he must file his response to defendants' summary judgment motion on or before July 8, 2005. Plaintiff has previously been advised of the consequences of failing to respond to defendants' summary judgment motion, which include dismissal of this case <u>with</u> prejudice. (May 10, 2005 Letter).

## CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion for appointed counsel (docket # 21) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that if plaintiff desires to file a motion to voluntarily dismiss the present case without prejudice pursuant to Fed. R. Civ. P. 41(a), he must file a motion requesting such a dismissal on or before **June 24, 2005**. Defendants' response to such motion must be filed within **ten days** of the date on which plaintiff serves the motion.

**FINALLY, IT IS ORDERED** that if plaintiff does not file a motion to voluntarily dismiss the present case, he must file a response to defendants' motion for summary judgment on or before **July 8, 2005**, or this case may be dismissed with prejudice for lack of prosecution.

Dated at Milwaukee, Wisconsin, this 8 day of June, 2005.

/s_____
LYNN ADELMAN
District Judge